UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHELLE LECOMPTE-DAWSON, | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No. 1:17-cv-731_____ |
| | ) Judge _____ |
| v. | ) |
| | ) |
| SK FOOD GROUP INC., | ) |
| | ) |
| **Defendant.** | ) |

**NOTICE OF REMOVAL**

Now comes Defendant SK Food Group Inc. ("Defendant"), and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, respectfully submits this Notice of Removal of this action from the Franklin County (Ohio) Court of Common Pleas ("State Court"), the court in which this case is presently pending, to the United States District Court for the Southern District of Ohio, Western Division.  As grounds for this removal, Defendant states as follows.

**A.  General Background of the Action.**

1.  This action was commenced on or about September 26, 2017, by the filing of the Complaint by Plaintiff Michelle LeCompte-Dawson ("Plaintiff") in the State Court; captioned *Michelle LeCompte-Dawson v. SK Food Group Inc.,* bearing case number 17CV008661 (the "Complaint").

2.  Defendant was served, via its Corporate Registered Agent, with its Summons on or about October 2, 2017.

3.     Attached as Exhibit A to the Declaration of David A. Nenni ("Nenni Dec.") is the Complaint filed by Plaintiff in the State Court.

4.     Plaintiff's Complaint alleges four causes of action:  (i) disability discrimination; (ii) wrongful termination; (iii) FMLA retaliation; and (iv) intentional infliction of emotional distress.  (Nenni Dec. at Exh. A, ¶¶31-59 (the Complaint).)

5.     Attached as Exhibit B to the Nenni Dec. are all other pleadings, process, and/or orders that have been filed in this action.  No further pleadings have been served upon Plaintiff or Defendant.  No further proceedings have taken place in the State Court.

**B.  Diversity of the Parties.**

6.     Plaintiff is a citizen of and domiciled in the State of Ohio.  (Complaint, at ¶1.)

7.     According to 28 U.S.C. § 1332(c)(1), "a corporation [like Defendant] shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  *See also The Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("we conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'").

8.     Defendant is incorporated in Washington and its corporate headquarters are located at 4600 37th Ave. SW, Seattle, Washington 98126.  (Declaration of Laurie Johnston ("Johnston Dec.") at ¶¶2-4; Nenni Dec. at Exh. A, ¶2 (the Complaint).)

9.     Defendant's officers direct, control, and coordinate the corporation's activities from its corporate headquarters in Seattle, Washington, which is Defendant's principal place of business, or nerve center.  (Johnston Dec. at ¶¶2-7.)

10.     Defendant is a citizen and resident of Washington.  (Johnston Dec. at ¶¶2-7.)

**C.  Plaintiff Expressly States that the Amount in Controversy Exceeds $75,000.**

11.     Plaintiff expressly seeks compensable damages in excess of $100,000 (4 claims allegedly worth "in excess of $25,000 *per claim*" = $100,000 (plus)).  (Nenni Dec. at Exh. A, ¶¶31-59 & WHEREFORE ¶(c) (the Complaint) (emphasis added).)

12.     She expressly seeks punitive damages in excess of $25,000.  (Nenni Dec. at Exh. A, WHEREFORE ¶(d) (the Complaint).)

13.     She also expressly seeks attorney's fees.  (Nenni Dec. at Exh. A, WHEREFORE ¶(e) (the Complaint).)

14.     Accordingly, Plaintiff's Complaint asserts an amount in controversy exceeding $125,000.  (Nenni Dec. at Exh. A, WHEREFORE ¶¶(a)-(g) (the Complaint).)

**D.  Federal Question.**

15.     Plaintiff's third cause of action – "Retaliation in Violation of the FMLA" – specifically alleges claims under a federal statute, the Family and Medical Leave Act of 1993, codified at 29 U.S.C. § 2601, *et seq*.  (Nenni Dec. at Exh. A, ¶¶48-54 (the Complaint).)

**E.  Removal Is Proper Because of Diversity and Federal Question Jurisdiction Exist.**

16.     According to 28 U.S. Code §§ 1332 and 1441(b), a state court lawsuit can be removed to an appropriate Federal District Court where (a) complete diversity between the parties exists and (b) the amount in controversy exceeds $75,000.

17.     Regarding the amount in controversy, a plaintiff need not specifically identify an exact value of the case.  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (holding that even where a plaintiff fails to specifically plead an amount in controversy, removal is appropriate when it is more likely than not that the amount in controversy exceeds $75,000).  Further, courts are to consider the value of alleged (a) compensable damages, (b) punitive

damages, and (c) attorney's fees when determining whether an amount in controversy exceeds $75,000. *See Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 479 (6th Cir. 2014) (holding that punitive damages are considered in assessing the amount in controversy for removal); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377-78 (6th Cir. 2007) (holding the same regarding attorney's fees).

18.     Here, it is undisputable that complete diversity exists.  *See supra* ¶¶6-10.

19.     It is also undisputable that Plaintiff seeks damages in excess of $75,000.  *See supra* ¶¶11-14 (establishing that Plaintiff asserts an amount in controversy exceeding $125,000).

20.     Based on these facts, it is undisputable that diversity jurisdiction exists and this case should be removed on those grounds.

21.     Additionally, Because Plaintiff has alleged claims under the Family and Medical Leave Act of 1993 (Complaint, at ¶¶ 48-54), federal question jurisdiction exists under 28 U.S. Code §§ 1331 and 1441, and this case should be removed on those grounds, as well.

22.     The United States District Court for the Southern District of Ohio, Western Division, is the district court for the judicial district and division embracing Franklin County, Ohio, where the State Court action is pending.  *See* 28 U.S.C. § 115.

23.     This Notice of Removal was timely filed in accordance with 28 U.S.C. § 1446.

24.     A copy of this Notice of Removal is being served by U.S. Mail on counsel for Plaintiff and a Notice of Filing Notice of Removal is being filed with the State Court in accordance with 28 U.S.C. § 1446.

25.     A true copy of the Complaint and all process, pleadings, and other documents served upon the parties in this action are attached hereto as part of the Nenni Dec.  The necessary filing fees have been paid simultaneously with the filing of this notice of removal.

26.    For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. §§ 1331 and 1332.  Further, removal is appropriate under 28 U.S.C. §§ 1441 and 1446.  Defendant prays that this Court enter the appropriate orders to affect the removal of this case from the Franklin County Court of Common Pleas to this Court.

<div style="margin-left:40%">

Respectfully submitted,

/s/ David A. Nenni
Jeffrey B. Keiper (0063133)
David A. Nenni (0082385)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, Ohio 45202
Telephone:  513.898.0050
Facsimile:  513.898.0051
E-mail:  KeiperJ@jacksonlewis.com
E-mail david.nenni@jacksonlewis.com

*Counsel for Defendant*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2017, a true and accurate copy of the foregoing was electronically filed with the Court's CM/EFS system and such system will send electronic notice to counsel of record.  I further certify that I served the foregoing via regular U.S. Mail and Email upon counsel of record at the following address:

Matthew G. Bruce (0083769)
The Spitz Law Firm, LLC
25200 Chagrin Blvd., Ste. 200
Beachwood, Ohio 44122
Matthew.Bruce@SpitzLawFirm.com

*Attorney for Plaintiff*

<div style="margin-left:40%">

/s/ David A. Nenni
David A. Nenni

</div>

4811-7786-8113, v. 2